SARAH M. BENTZEL v. JAMES P. GOODWIN ET AL.

1. ORDER TO PAY $500 IN LIEU OF HOMESTEAD OUT OF PROCEEDS OF SALE NOT FINAL ORDER UPON WHICH SUIT ON ASSIGNEE'S BOND MAY BE BROUGHT.

Where the assignor waives the right to select specific property in lieu of a homestead under R. S. 5441 (Gen. Code 11738) and asks that the sum of $500 be allowed her out of the proceeds of the sale of such property and such sum is set off to her by the appraisers and the action of the appraisers is approved by the court and said sum is ordered to be paid to the assignor out of the proceeds of sale. *Held* that such order of the court is not a final order upon which, in case the assignee fails to pay, an action could be brought against the assignee on his bond.

2. ACTION ON BOND MIGHT LIE UPON ORDER OF DISTRIBUTION.

If the order directing payment be made in the court's consideration of the question of distribution of the proceeds of sale of the property out of which such exemption could be paid, and all persons in interest were in court, a failure to comply with such order might sustain an action on the bond.

3. EXCEPTIONS TO ASSIGNEE'S ACCOUNT PREREQUISITE TO SUIT ON BOND FOR HIS FAILURE TO PAY EXEMPTION.

The better and safer way to be followed, however, in case the assignee fails to pay such exemption claim, is, for the party claiming same to file exceptions to the assignee's account and then if an order to pay be made and the assignee fails to comply therewith, bring an action on his bond.

[Syllabus by the court.]

ERROR to common pleas court.

*J. F. Locke*, for plaintiff in error.

*J. P. Goodwin*, for defendants in error.

**ROCKEL, J.**

In the court below, the plaintiff brought suit against the defendants as set forth in her petition. To this petition a demurrer was filed upon the ground that the petition does not state facts sufficient to constitute a cause of action.

Bentzel v. Goodwin.

The defendant in error, in support of the demurrer, contends among other things that whatever rights that the plaintiff in error may have, must be worked out through the probate court.

The plaintiff says, and for the purpose of this cause, they are the admitted facts: "That prior to and on or about July 10, 1905, she was the owner of a stock of goods and chattels in a storeroom in Springfield, Ohio, consisting of monuments, markers and other articles necessary for carrying on the business of furnishing and erecting monuments and tombstones, and some notes and book accounts, and that on said date plaintiff executed and delivered to the defendant, James P. Goodwin, her deed of assignment whereby she conveyed to him all her property in trust, for the benefit of her creditors, excepting therefrom and reserving to plaintiff, her exemption in lieu of a homestead, and other rights and property to which she might be entitled, under the homestead, exemptions, or other laws of the state of Ohio.

"At the time of the making of said deed of assignment and ever since, the plaintiff has been a resident of the state of Ohio, residing therein, being a widow and not the owner of a homestead or any real estate.

"Said James P. Goodwin, on or about July 10, 1905, filed said deed of assignment in the probate court of Clark county, Ohio, and was thereupon appointed and qualified as assignee of the plaintiff, and letters as such were duly issued to him by said court, and said defendant, James P. Goodwin, and the Banker Surety Co. of Cleveland, Ohio, thereupon duly executed a joint and several assignee's bond, a copy of which is hereto attached, marked exhibit 'A,' whereby they became jointly and severally bound to the state of Ohio in the sum of $1,400, subject to the condition, that if the said James P. Goodwin should administer the said trust according to law, then said obligation should be void, otherwise to remain in full force.

"Thereupon, said James P. Goodwin entered upon said trust of said assignment, and as such assignee at once took

possession of all of said property of plaintiff, and of the store-room containing the same, and on or about July 14, 1905, by the oaths of Andrew Bennett, S. E. Fay and H. G. Forbes, who had been appointed appraisers by said probate court, proceeded to make an inventory and appraisement of said property and to set off and allow to plaintiff her homestead rights therein, and the said appraisers at the request of the plaintiff set off and allowed to plaintiff in lieu of her homestead in said property the sum of $500 to be paid to her out of the proceeds of the sales thereof. On or about July 20, 1905, the said inventory, appraisement and allowance of said sum of $500 to plaintiff in lieu of her homestead therein made by said appraisers was approved and confirmed by said probate court, and said sum of $500 was ordered by said court to be paid to plaintiff by said assignee out of the proceeds of the sales of said property.

"Thereupon, under the orders of said court, the said assignee proceeded to sell the property so assigned to him by this plaintiff, and to collect the notes and book accounts so assigned to him, and on May 2, 1906, the said defendant, James P. Goodwin, as such assignee, filed his account in said probate court, reporting to said court that he had received from the sales of said property, and from collections of said notes and book accounts the sum of $1,107.75, and on June 29, 1906, said account was approved by said probate court.

"That on or about May 2, 1906, the plaintiff demanded of the said defendant the said sum of $500 and that on or about the —— day of ————, 1906, said defendant paid to plaintiff the sum of $350 thereof, and has since paid her the sum of $20 thereof, but the exact dates of such payments the plaintiff is unable to state.

"The defendant, said James P. Goodwin, has neglected, failed and refused to pay to plaintiff the balance of said sum of $500 so allowed and set off to her in lieu of her homestead out of the proceeds of the sales of said property, being the sum of $130, with interest from May 2, 1906, although he has been frequently requested so to do.

Bentzel v. Goodwin.

"There is due the plaintiff from the defendants, by rea-
son of the premises, the sum of $130, with interest from May
2, 1906, for which she prays judgment."

The plaintiff in error contends that when the appraisers
in making the inventory allowed to her the $500 in lieu of a
homestead and that such report having been approved and con-
firmed by the probate court and the same ordered to be paid
by that court, that upon the assignee defendants' refusal to
pay such amount, that a right of action accrued against the
assignee and the surety on his bond; and that thereafter such
right of action could be enforced by the plaintiff in a court
of general jurisdiction. R. S. 5441 (G. C. 11738) provides
that, "husband and wife living together with an unmarried
daughter or minor son, every widow and every unmarried fe-
male, having in good faith the care, maintenance and custody
of any minor child or children of a deceased relative, resident
of Ohio, and not the owner of a homestead, may, in lieu thereof,
hold exempt from levy and sale, real or personal property to
be selected by such person, his agent or attorney, at any time
before sale, not exceeding $500 in value, in addition to the
amount of chattel property otherwise by law exempted."

It will be observed that this section does not allow a gross
sum of money in lieu of a homestead, but allows specific prop-
erty to be held which is to be selected by the person desiring
the same, not to exceed $500 in value. In the case at bar, ac-
cording to the petition, the plaintiff requested that the same
be not set off to her in specific property, but that money out of
the proceeds to the amount of $500 be allowed her.

While the petition does not so state, it may be assumed
that the assignee agreed to this request, waiving a strict com-
pliance with the statute. It is very often found to be to the
advantage of both the person claiming the exemptions as well
as the creditors whom the assignee represents, that such be
done; that in compliance with such request the appraisers in
their return reported such fact to the probate court and this
inventory was approved and confirmed and by the averments
of the petition at the same time, said sum of $500 was ordered

by said court to be paid to the plaintiff by said assignee out of the proceeds of the sale of such property, receiving therefor the sum of $1,100.

The question thus presented is, was such order of the probate court, such a final order as would justify the plaintiff in bringing the suit in question, and when it was made, did the probate court lose jurisdiction to further consider the question whether or not the plaintiff was really entitled to the exemption set aside to her.

It is well to observe, as hereinbefore stated, that the plaintiff waived the right to have specific articles set off to her and a strict compliance with the statute in that respect, and that the order of payment by the probate court was made before the property was sold and converted into money.

It seems, therefore, to us that this order made by the probate court was not a final order, and was subject to review by that court by motion, or in some other proper manner, when the question of distribution of the funds derived from the sale of the property was before the court. That what was really intended by that order was a reservation to the plaintiff of her rights under this statute and that the amount should be paid to her out of the proceeds of the sale upon a final distribution of the same. To hold otherwise might be manifestly unjust to creditors and other parties in interest. No doubt at the time this order was made the matter came up to the probate court principally upon the approval of the appraisement. If on motion in the probate court the assignee had been ordered to distribute to the plaintiff the sum of $500 out of the proceeds then in his hands, derived from the sale of such property, then the plaintiff would have had a right of action in the court of common pleas against the assignee and his bond if he would have failed to comply with such order. Even upon this proposition, there might be some doubt if such order was made prior to the expiration of eight months from the time that the assignment was made.

There is an averment in the petition that the said property was sold, and from it and notes, etc., the assignee real-

Bentzel v. Goodwin.

ized $1,107.75, and that he filed his account in the probate court which was by the court approved. What expenditures were made or whether anything remains on hand does, not appear or that any order was made as to plaintiff's claim.

When the account was filed, the plaintiff had full opportunity to except thereto and in that way have had. an order of the probate court as to the assignee's action on her claim. It may be that all the funds coming into the hands of the assignee were properly expended in a proper administration of the trust, and no further payment could be made on her claims. Perchance there might have been liens, prior to hers, that exhausted the entire fund.

The petition does not disclose the fact but what there may still be sufficient funds in the hands of the assignee to satisfy her claim in full. If that be true, she has yet a right to go into the probate court and have the court pass upon her right to have her claim satisfied, and if the court should find that her claim is unsatisfied, and an order would be, made that the assignee pay the same and he should neglect, then an action like the present could be maintained. Perhaps then, as the probate court could not enforce the payment, by an order for the payment of money, by contempt proceedings, no other remedy would be open to the plaintiff.

As a general rule it may be stated, and the courts have so held, all matters in assignments should be worked out through the probate court, and that court has full and complete jurisdiction in all cases relating thereto, except where its powers are inadequate to grant relief.

The matter as to whether or not the plaintiff, being a widow, is entitled to this exemption, under the peculiar punctuation of the statute, as it then stood, we have not found it necessary to consider under the views we have taken. Suffice to say were the case of *Brown* v. *Parham,* 25 O. C. C. 640 [1 N. S. 602, 4 N. S. 344], not affirmed by the Supreme Court, we might find ourselves not in harmony with the conclusions of that court.

Clark County.

We therefore find no error in the court below and the same is affirmed.

**Dustin** and **Allread, JJ.,** concur.